UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CARPENTERS HEALTH AND SECURITY TRUST OF WESTERN WASHINGTON, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>TCC CONSTRUCTION, INC. and DUNN CONSTRUCTION AND MANAGEMENT, INC.,<br><br>    Defendants. | CASE NO. C06-1489JLR<br><br>ORDER |

    Before the court is Plaintiffs' motion for default judgment (Dkt. # 7). Because Plaintiffs have not provided sufficient information for the court to enter judgment, the court DENIES Plaintiffs' motion without prejudice.

    Unless the judgment is for a sum certain, a plaintiff must apply to the court for a default judgment. Fed. R. Civ. P. 55(b). The court has wide discretion in determining whether to grant or deny a default judgment. See Lau Ah Lew v. Dulles, 236 F.2d 415, 415-16 (9th Cir. 1956). The general rule in the Ninth Circuit is that courts disfavor default judgments and that cases should be decided upon their merits whenever reasonably possible. Pena v. Seguros La Comercial, S.A., 770 F.2d 811, 814 (9th Cir. 1985). An application for a default judgment must therefore succinctly set forth the essential information required for entry of judgment. The court is unlikely to exercise its

ORDER – 1

1  discretion in favor of the plaintiff, if the application for judgment fails to adequately
2  explain the bases for plaintiff's claims.

3  In this case, Plaintiffs failed to adequately explain the bases for its request for
4  contributions, liquidated damages, and interest. Pl.'s Supp. at 3. In fact, the scintilla of
5  information provided to the court regarding Plaintiffs' claims is that this "is an action for
6  collection of fringe benefit contributions and ancillary charges owing pursuant to a labor
7  agreement." Id. at 2. Plaintiffs' only evidentiary support for their application for
8  judgment is an affidavit with exhibits explaining their request for attorney's fees and
9  costs. There is no similar affidavit setting forth the bases for the other requests for
10 damages or even the underlying claim. The court will not exercise its discretion without
11 additional evidence supporting Plaintiffs' application.

12 The court will permit Plaintiffs to file another motion for default judgment. At a
13 minimum, the renewed application must comply with the following instructions:

14   1. Plaintiffs shall provide a concise explanation of how all amounts were
15      calculated. If the court is not certain about how a particular amount was
16      calculated, the court will not award that amount.
17   2. Plaintiffs shall provide evidence establishing the amount of the principal
18      claim. If the claim is based on one or more contracts, the relevant
19      portion(s) of the contract(s) shall be attached to a declaration or affidavit in
20      support of the motion. If further documentation is required to determine the
21      amount of the principal claim, Plaintiffs shall attach that documentation as
22      well.
23   3. Plaintiffs shall provide evidence establishing an entitlement to liquidated
24      damages and any other information needed to determine the amount of
25      liquidated damages.

ORDER – 2

1    4.    If an interest rate other than that provided by 28 U.S.C. § 1961 applies,
           Plaintiffs shall state the rate and provide an evidentiary basis for that rate.

If Plaintiffs intend to file a second motion for default judgment, it must be filed within 30 days of the date of this order.

Dated this 9th day of January, 2007.

                                                    JAMES L. ROBART
                                                    United States District Judge

ORDER – 3